12-2392-cr
*United States v. Mensah*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25ᵗʰ day of March, two thousand and thirteen.

PRESENT:

> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,
> JESSE M. FURMAN,
> > *District Judge.*[*]

------------------------------------------x

UNITED STATES OF AMERICA,

> *Appellee*,

> -v.- No. 12-2392-cr

CHARLES MENSAH,

> *Defendant-Appellant*,

JOSEPH ABBEY, BRIANNE AGUINAGA, VIVIAN JAMES, also known as Dep. Supt. James, DERICK ADJEI, DEBORAH AGUINAGA, DAVID BLACKWELL, JAMES T. DAVIS, also known as Mike, also known as Dale, PAULA DEFAZIO, JIMMIE L. FORD, also known as Kiki, EXPUNGED DEFENDANT, also known as Expunged Defendant, FELIX LAWSON, also known as Kobe, DARRYL ROBINSON, also known as Keith, JODI TIRADO, JULIAN RUSSELL, TAMARA WARD, PAUL G. WARNER,

------

[*] The Honorable Jesse M. Furman, of the United States District Court for the Southern District of New York, sitting by designation.

1

ROBERT WESLEY, also known as Wes, SHAMIKA T. WILLIAMS, also known as Mika, DOUGLAS HUNT, also known as Rome,

*Defendants.*[†]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Patrick J. Brown , LoTempio & Brown, P.C., Buffalo, NY. |
| **FOR APPELLEE:** | Monica J. Richards, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney, United States Attorney's Office for the Western District of New York, Buffalo, NY. |

Appeal from the judgment of conviction signed June 11, 2012, and filed June 13, 2012, by the United States District Court for the Western District of New York (William M. Skretny, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 11, 2012 judgment of the District Court be **AFFIRMED**.

On February 27, 2012, a jury found Defendant Charles Mensah guilty of (1) conspiracy to possess with intent to distribute, and to distribute, fifty grams or more of a mixture and substance containing methamphetamine, MDMA, and BZP ("ecstasy"), in violation of 21 U.S.C. § 846; and (2) use of a communication facility in committing, causing, and facilitating commission of acts constituting controlled substance felonies, in violation of 21 U.S.C. § 843(b). The District Court subsequently denied Mensah's motion to set aside the jury verdict and grant a new trial, pursuant to Federal Rule of Criminal Procedure 33, and to vacate the jury verdict, pursuant to Federal Rule of Criminal Procedure 29, and entered a judgment of conviction. Mensah now appeals, arguing that the District Court erred in denying his Rule 29 motion. We assume familiarity with the underlying facts and procedural history of this case.

Mensah contends that the District Court erred in denying his Rule 29 motion because, in his view, the evidence put on by the government was insufficient to sustain his conviction. In substance, Mensah argues that the government failed to prove the existence of its charged conspiracy. According to Mensah, he did purchase ecstasy from one Joseph Abbey for the purpose of distribution, but he had no part in a separate conspiracy to sell ecstasy between Abbey and several other cooperating witnesses. In other words, Mensah claims that where the government saw one large conspiracy, there in fact existed two separate conspiracies with a common leader. For this reason, Mensah argues that (1) the government failed to prove its conspiracy count and (2) the District Court improperly admitted against him certain evidence relating to Abbey's transactions with people whom Mensah did not know.

---

[†] The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

We review *de novo* the grant or denial of a judgment of acquittal under Rule 29, viewing the evidence in the light most favorable to the government. *United States v. Persico*, 645 F.3d 85, 104 (2d Cir. 2011). To prevail on an insufficiency of the evidence claim under Rule 29, a defendant bears the "heavy burden" of showing that "no rational trier of fact could have found all of the elements of the crime beyond a reasonable doubt." *United States v. Caracappa*, 614 F.3d 30, 43 (2d Cir. 2010). We review a District Court's decision to admit or exclude evidence for abuse of discretion. *See, e.g.*, *United States v. Kozeny*, 667 F.3d 122, 137 (2d Cir. 2011).

"In order to convict a defendant of the crime of conspiracy, the government must show that two or more persons entered into a joint enterprise for an unlawful purpose, with awareness of its general nature and extent." *United States v. Torres*, 604 F.3d 58, 65 (2d Cir. 2010). Critically, "[t]he government need not show that the defendant knew all of the details of the conspiracy . . . [n]or must the government prove that the defendant knew the identities of all of the other conspirators." *United States v. Huezo*, 546 F.3d 174, 180 (2d Cir. 2008). Indeed, "[i]n the context of narcotics operations, . . . we have held that even where there are multiple groups within an alleged conspiracy, a single conspiracy exists where the groups share a common goal and depend upon and assist each other, and we can reasonably infer that each actor was aware of his part in a larger organization where others performed similar roles." *United States v. Chavez*, 549 F.3d 119, 126 (2d Cir. 2008) (citation omitted).

Construed in the light most favorable to the government, the evidence against Mensah was sufficient to sustain his conviction. During the three-day trial, the government submitted evidence, most notably in the form of recorded telephone conversations between Mensah and Abbey, demonstrating Mensah's involvement in the conspiracy. As the District Court observed, a rational juror could conclude from this evidence that Mensah was aware that he was engaged in a large-scale, multi-city operation for the distribution of drugs and that Abbey's supply of ecstasy was divided among several resellers, of whom Mensah was one. Mensah may not have known the other members of the conspiracy, but this fact does not defeat the government's case, given its proof of Mensah's awareness of the general nature and extent of the conspiracy. *Torres*, 604 F.3d at 65; *Huezo*, 546 F.3d at 180. In sum, Mensah has not carried his "heavy burden" of showing that "no rational trier of fact could have found all of the elements of the crime beyond a reasonable doubt." *Caracappa*, 614 F.3d at 43. For the same reasons, Mensah's argument that the District Court erred in admitting evidence of Abbey's transactions with other conspirators is also without merit.

3

**CONCLUSION**

We have reviewed the record and the parties' arguments on appeal. For the reasons set out above, we **AFFIRM** the June 11, 2012 judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court